**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **Case No. 2:24-CR-022** |
| **MONTAGUE HOWARD** | **:** | **CHIEF JUDGE MORRISON** |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Montague Howard is set for sentencing on February 11, 2025.  For the reasons that follow, the United States requests that a sentence of imprisonment of 27 months be imposed which is at the bottom of the applicable sentencing guideline range.  Such a sentence is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

As anticipated by the United States (and as contemplated by the plea agreement), with his conviction for making a false statement in the attempted purchased of a firearm, Howard has an initial offense level of 20 pursuant to U.S.S.G. § 2K2.1 (a)(4)(A).  The Probation Officer (and the parties) also agreed that Howard is entitled to a three-level reduction for acceptance of responsibility which would result in a final offense level of 17.  With a criminal history category of II, this results in a final sentencing range of 27-33 months.  There are no objections to these findings.

While the federal Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007)

1

(quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

   (1)     the nature and circumstances of the offense and the history and characteristics of
           defendant;
   (2)     the need for the sentence imposed--
           (A)     to reflect the seriousness of the offense, to promote respect for the law,
                   and to provide just punishment for the offense;
           (B)     to afford adequate deterrence to criminal conduct;


           (C)     to protect the public from further crimes of the defendant; and
           (D)     to provide the defendant with needed educational or vocational training,
                   medical care, or other correctional treatment in the most effective manner.

   In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Howard.

   This offense arose out of Howard's attempt to purchase a Taurus 9mm pistol from a federally licensed firearms dealer.  Howard completed an ATF Form 4473 indicating that he did not have any prior felony convictions when in fact he was currently on Supervised Release for a federal Armed Bank Robbery conviction. (See PSR ¶¶ 7-11)  Ultimately, Howard's attempt to purchase the firearm was thwarted by the National Instant Criminal Background Check System (NICS) and he did not obtain possession (other than handling the firearm in the store).

2

Howard had significant difficulties during his childhood witnessing regular domestic violence and suffering abuse from a family member.  Howard has been diagnosed with several ongoing mental health issues (he receives disability payments from Social Security) but it does appear that regular taking of his medication can be successful in treating many of these problems.

Howard has a criminal history of only II but he did benefit from at least 6 convictions not scoring criminal history points.  He has been on federal Supervised Release since May 2022 with sporadic issues in maintaining contact with his supervising Probation Officer.  There is a pending revocation hearing for the instant offense being a violation of Howard's conditions of release.  Howard faces a potential term of imprisonment for that revocation of 4-10 months and his Probation officer is recommending a term of 10 months.

Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of 27 months which is at the bottom of the applicable guidelines range.  The above described circumstances suggest a sentence of this length is warranted under the sentencing guidelines.  This sentence would also be reasonable under the rationale of Booker, 543 U.S. 220 (2005); United States v. Henry, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

## **Conclusion**

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be an offense level of 17, criminal history category II, with a sentencing range of 27-33 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant Montague Howard be sentenced to a term of imprisonment of 27 months.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/Kevin W. Kelley
KEVIN W. KELLEY  (0042406)
Assistant United States Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 3rd day of February 2025, via the Court's electronic filing system (ECF) on counsel for defendant, Joseph Edwards and Garrison Carr.

<u>s/Kevin W. Kelley</u>
KEVIN W. KELLEY
Assistant U.S. Attorney